UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated<br>    Plaintiff, | §<br>§<br>§<br>§ | **CIVIL ACTION NO.** |
| VS. | §<br>§ | 11-CV-00620-OG |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**DEFENDANTS' UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Fed R. Civ. P. 12(e) and Local Rule CV-7(c), SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,[1] Defendants in the above-captioned case, file this their Unopposed Motion for More Definite Statement, and respectfully state as follows:

I.   SUMMARY

For alleged overtime wage violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206-207, the Plaintiff's complaint purports to state claims on his own behalf and on behalf of others similarly situated, 29 U.S.C. § 216(b).

It is unclear, however, whether and to what extent the complaint purports to state a claim or claims for retaliation and wrongful discharge under the FLSA, 29 U.S.C. § 215(a)(3). Because the complaint is vague and ambiguous as to the existence and scope of such allegations, the Court should grant this motion and order the Plaintiff to replead.

---

[1]   BOB KID has not been served and does not waive his right to file a motion to dismiss under Fed. R. Civ. P. 12(b)(4) & 12(b)(5) by joining in this initial Rule 12 motion, since the deadline for Defendants' responsive pleadings has not yet passed. Fed. R. Civ. P. 12(b).

## II. FACTS

1. Paragraph 1 of Plaintiff's complaint appears to allege wrongful discharge as to DAVID ANDRADE only, while alleging that Plaintiff and all other similarly situated employees are entitled to recover wages. Dkt #1 at ¶1 ("This lawsuit is brought as an individual action by Plaintiff to vindicate his wrongful discharge pursuant to the laws identified herein and as a nationwide collective action under the FLSA to recover wages owed to Plaintiff and all other similarly situated employees").

2. Paragraph 19 of Plaintiff's complaint, under the heading "General Facts and Allegations," states "Plaintiff conspiratorial forces were set in action to deny Plaintiff his wages owed and to retaliating against him for protesting about wages." Dkt #1 at ¶19.

3. The "Collective Class Facts & Allegations" section of the complaint, paragraphs 21-28, makes no reference to retaliation or wrongful discharge. Dkt #1 at ¶21-28.

4. Retaliation is not pled as a separate count nor is the relevant statutory provision of the FLSA, 29 U.S.C. § 215(a)(3), referenced in any cause of action or count in the complaint.

5. Following paragraph 28 at the top of page 6 of the complaint, the paragraphs are misnumbered.

6. Misnumbered paragraph 29 of the complaint is under "Count II" of the complaint, purportedly "Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated." Dkt #1 at ¶29.

7. There is a general allegation in misnumbered paragraph 29 of the complaint: "At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA."

- 3 -

8. The foregoing allegation is vague and ambiguous as to retaliation, wrongful discharge, and parties.

9. The complaint contains no other allegations with respect to retaliation and/or wrongful discharge as to any party.

### III. ARGUMENT

It appears that DAVID ANDRADE may intend to make a factual allegation that he individually was wrongfully discharged and/or retaliated against within the meaning of the FLSA, 29 U.S.C. § 215(a)(3). Dkt #1 at ¶¶1 & 19 However, DAVID ANDRADE has not listed wrongful discharge or FLSA retaliation as one of the "Counts" or causes of action in his complaint. Therefore, the complaint is vague and ambiguous as to whether he has brought any individual claim for FLSA retaliation or any other claim for wrongful discharge.

No other facts regarding the alleged wrongful discharge or FLSA retaliation are contained in DAVID ANDRADE's complaint. In addition, although he mentions alleged "Plaintiff conspiratorial forces," perhaps intending to reference Defendants instead, there is no actual identification of one or more of any of the Defendants as the source of those "conspiratorial forces." Dkt #1 at ¶ 19.

Likewise, the complaint contains no facts regarding the alleged wrongful discharge of, or FLSA retaliation against, any alleged "similarly situated" Plaintiff, the existence of which is expressly denied. While this may be understandable on one level given the opt-in nature of the FLSA collective action, 29 U.S.C. § 216(b), the "Collective Class Facts & Allegations" section of the complaint, paragraphs 21-28, makes no reference to wrongful discharge or retaliation at all. Dkt #1 at ¶21-28.

However, "Count II" of the Complaint is purportedly "Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated." Dkt #1 at ¶29. In misnumbered paragraph 29 of the complaint, *id.*, "Count II" contains a general allegation that "At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA." The foregoing allegation is vague and ambiguous as to retaliation and wrongful discharge and as to parties. DAVID ANDRADE, as an individual, along with all of Defendants' employees (regardless of whether they are or are not similarly situated to Mr. ANDRADE, and such similarly situated status is denied) are certainly, as a general matter, entitled to whatever "rights, protections, and benefits" the FLSA provides them. That does not convert such a general statement into a claim for FLSA wrongful discharge and/or retaliation, if in fact that is what it is intended to be, and it is unclear if that is what it is intended to be, for DAVID ANDRADE individually or for any alleged opt-in plaintiff.

## IV. LOCAL RULE CV-7(h) STATEMENT OF CONFERENCE

There has been an actual conference with opposing counsel by telephone on August 26, 2011 and there is no opposition to any of the relief requested in the motion. Defendants do not oppose additional time for Plaintiff to replead if Plaintiff requires it.

## V. CONCLUSION AND REQUEST FOR RELIEF

Defendants are unable to prepare a responsive pleading until all of the purported claims being alleged against them by DAVID ANDRADE, Individually, and/or by the allegedly similarly situated persons (the existence of which is denied), are able to be clearly and unambiguously determined from the complaint.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court GRANT this motion and order the Plaintiff to replead pursuant to the deadlines in Fed. R. Civ. P. 12(a)(4)(B) and 12(e).

Dated August 26, 2011.                                    Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas  78212
(210) 733-8191 – Telephone
(210) 738-5538 – Facsimile
wws@tglf.com, ehc@tglf.com - Email

By:__/s/ William W. Sommers_____
     William W. Sommers
     State Bar No. 18842600
     Elizabeth H. Connally
     State Bar No. 24073635

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing and all attachments and exhibits was served in accordance with the Federal Rules of Civil Procedure, on this 26th day of August 2011, to the following listed counsel of record:

Glenn D. Levy                                              *VIA CM/ECF*
906 W. Basse Road, Suite 100
San Antonio, Texas 78212
Tel. (210) 822-5666
Fax. (210)822-5650

*ATTORNEY FOR PLAINTIFF*

/s/ William W. Sommers_____
William W. Sommers

- 5 -