UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated  Plaintiff, | § § § § | **CIVIL ACTION NO.** |
| VS. | § § § | 11-CV-00620-OG |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,  Defendants. | § § § § § | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Fed R. Civ. P. 12(b)(6), SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID, Defendants in the above-captioned case, file this their Rule 12(b)(6) Motion to Dismiss, and respectfully state as follows:

I.  SUMMARY

Defendants move for dismissal of the following statements of claim in Plaintiff's First Amended Complaint, Dkt #10, for failure to state a basis upon which relief can be granted:

(1)   The statement of claim in Count II alleging that Defendants failed to compensate Plaintiff any alleged similarly situated employees for pre-shift and end-shift time, Dkt #10 at ¶ 38; and
(2)   Count III of the First Amended Complaint in its entirety, Dkt #10 at ¶42-45.

Plaintiff has not pled any facts in support of a claim for pre-shift and end-shift time, and is not entitled to a second opportunity to amend. Plaintiff's Count III (unjust enrichment/quantum meruit) is preempted by the Fair Labor Standards Act ("FLSA"). Consequently relief cannot be granted on either purported claim, and both should be dismissed with prejudice.

II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the plaintiff's statement of its claim for relief in its complaint.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. at 1949, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the motion, the Court "accept[s] as true the well-pleaded factual allegations in the complaint," if any. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). This tenet, however, does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. A complaint is not sufficient if it tenders "naked assertions devoid of further factual enhancement." *Id.* at 1949, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Likewise, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at ___, *accord Cuvillier*, 503 F.3d at 401.

In ruling on a Rule 12(b)(6) motion, the Court should (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth and (2) consider

the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, 129 S.Ct. at 1950.

### III. THE PRE- AND POST- SHIFT TIME AND UNJUST ENRICHMENT/ QUANTUM MERUIT CLAIMS SHOULD BE DISMISSED

A. *Plaintiff Has Not Pled Any Facts to Support His Conclusory Legal Allegations Regarding Pre- and Post-Shift Time.*

Paragraph 38 of Plaintiff's First Amended Complaint, which falls under the heading "Count II," alleges "Defendants' violations of the FLSA's overtime requirements include (1) failing to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time worked." Dkt #10 ¶ 38. This is a conclusory allegation not entitled to an assumption of truth. *Iqbal*, 129 S.Ct. at 1950.

Examining the rest of the complaint for factual allegations regarding pre- and post-shift time, the Court will find that there are not any. The closest allegation is that "Co-conspirator Tagle would make Plaintiff work "off the clock" on his days off," Dkt #10 ¶ 20b. *Days* off, however, cannot plausibly be construed as pre- or end-shift. In other words, any work performed on a "day off"—and Defendants deny the allegation—cannot be before or after a "shift"[1] on a day that was not a day off. Indeed, there is nothing alleged in the First Amended Complaint that remotely resembles the type of pre-and post-shift activities that Courts have adjudicated the compensability of under the FLSA. *See IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005); *Allen v. McWane*, 593 F.3d 449 (5th Cir. 2010), *cert denied* 131 S.Ct. 73 (2010).

---

[1] Defendants' employees do not work in "shifts" to begin with, and hours typically vary according to the specific project that Defendants have been contracted to perform.

Because the Plaintiff's First Amended Complaint lacks any factual allegations regarding pre- and post-shift time, all the claims in the First Amended Complaint seeking relief for pre- and post-shift time (Dkt #10 at ¶ 38) should be dismissed with prejudice.

Further, Plaintiff, having had one opportunity to clean up its complaint, *see* Dkt #6 (granting Rule 12(e) motion for more definite statement and ordering Plaintiff to amend) he should not be granted an additional opportunity to replead. *Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 404 (5th Cir. 2004) (concluding that the district court did not abuse its discretion in denying leave to amend when it had given plaintiff one opportunity to amend and plaintiff had failed to show what additional facts he could plead to satisfy the fraud pleading requirements). The Plaintiff will not be able to show additional facts he could plead to satisfy the pleading requirements for pre- and post- shift time, because such activities simply are not a feature of Defendants' work.

B.   *Plaintiff's Unjust Enrichment/Quantum Meruit Claim is Preempted and is a Personal Claim That Must Be Brought by Each Named Individual*

1.  Preemption

Plaintiff's quantum meruit claim is preempted for the reasons given by the District Court for the Western District of Texas in *Botello v. COI Telecom, LLC*, No. 10-CV-305-XR, Dkt #73, 2010 U.S. Dist. LEXIS 99790  (Copy attached).

In *Botello*, the district court adopted reasoning from other Circuit courts of appeals and *Guerrero v. JPMorgan Chase & Co.*, 2010 WL 457144 (E.D. Tex. 2010), which had dismissed common law "quantum meruit, unjust enrichment and breach of contract" claims due to conflict preemption when the plaintiff had also sought recovery under the Fair Labor Standards Act. *Botello*, Slip. Op. at 6-7, *citing Guerrero*, 2010 WL 457144 at *3-4. *Botello* applied that same

reasoning to dismiss an unjust enrichment claim "as it relates to any claim of failure to pay minimum wages or overtime under the FLSA." *Botello,* Slip. Op. at 7.

Likewise, Defendants here urge that the unjust enrichment/quantum meruit claim in the First Amended Complaint, Dkt #10 at ¶ 42-45, should be dismissed, because it conflicts with the FLSA remedy.

It is worth noting that Plaintiff's likely aim in pleading the unjust enrichment/quantum meruit claim is directly foreclosed by conflict preemption. The standard limitations period for the FLSA violations is two years, 29 U.S.C. § 255(a), while the limitations period for unjust enrichment/quantum meruit is four years. *E.g.*, *Quigley v. Bennett*, 256 S.W.3d 356, 261 (Tex.App.—San Antonio 2008, no pet.); Tex. Civ. Prac. & Rem. Code § 16.004. The Plaintiff does not get to choose to seek an FLSA remedy for the most recent two years (the FLSA limitations period) and an unjust enrichment/quantum meruit remedy for the two years prior to that. Because of conflict preemption, the FLSA remedy *is* his remedy, and he must plead and prove entitlement to that remedy, which is denied.

    2. Plaintiff cannot bring an unjust enrichment/quantum meruit on behalf of all others allegedly similarly situated.

As a supplemental basis for dismissing Count III, an unjust enrichment/quantum meruit claim cannot be brought by DAVID ANDRADE on behalf of alleged similarly situated employees. "A named plaintiff has no right to represent [allegedly] similarly-situated employees until the employees opt in, because the action does not become a collective action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." *Sandoz v. Cingular Wireless, LLC*, 553 F. 3d 913, 917 (5th Cir. 2008). No other allegedly similarly situated employee has yet sought to opt-in.

Even if an allegedly similarly situated employee does exist, which is denied, and does opt-in, however, there is no provision that would allow DAVID ANDRADE to assert an unjust enrichment/quantum meruit on their behalf. The unjust enrichment/quantum meruit claim is a personal claim that an employee must assert on their own, and one that Defendants are entitled to defend accordingly. *West Teleservices, Inc. v. Carney*, 75 S.W.3d 455, 460-62 (Tex.App.—San Antonio 2001, no pet.) (denying class certification and holding that individual questions predominate over class questions on quantum meruit claim for unpaid wages); *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 558-560 (Tex.App.—Houston [14th Dist.] 2002, no pet.) (same).

Thus, the allegedly similarly situated employee must not only join the FLSA collective action, they must also join the lawsuit as a name plaintiff and assert their unjust enrichment/quantum meruit claim individually. DAVID ANDRADE may not plead or argue it on their behalf.

Likewise, DAVID ANDRADE has not sought for the unjust enrichment/quantum meruit claim to proceed as a Fed. R. Civ. P. 23 class action, nor could he, since the timing, authorization, and amount of overtime varies significantly by employee. While the FLSA allows for an "opt-in" collective action procedure under 29 U.S.C. § 216(b) to overcome this difficulty, no similar procedure exists for a common law unjust enrichment/quantum meruit claim for unpaid overtime, and Plaintiff has not plead Count III in a manner sufficient to invoke traditional class action procedures under the Federal Rules.

## VI. CONCLUSION AND REQUEST FOR RELIEF

Plaintiff has not pled any facts in support of a claim for pre-shift and end-shift time, and is not entitled to a second opportunity to amend. Plaintiff's Count III (unjust enrichment/quantum meruit) is preempted by the Fair Labor Standards Act ("FLSA").

- 7 -

Consequently relief cannot be granted on either purported statement of claim, and both should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court GRANT this motion and DISMISS WITH PREJUDICE all claims in Plaintiff's First Amended Complaint seeking relief for pre-shift and end-shift time and all unjust enrichment/quantum meruit claims.

Dated October 12, 2011.                                         Respectfully submitted,

                                                                **GARDNER LAW**
                                                                745 East Mulberry Avenue, Suite 500
                                                                San Antonio, Texas  78212
                                                                (210) 733-8191 – Telephone
                                                                (210) 738-5538 – Facsimile
                                                                wws@tglf.com, ehc@tglf.com - Email

                                                                By:__/s/ William W. Sommers_____
                                                                        William W. Sommers
                                                                        State Bar No. 18842600
                                                                        Elizabeth H. Connally
                                                                        State Bar No. 24073635

                                                                *ATTORNEYS FOR DEFENDANTS*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing and all attachments and exhibits was served in accordance with the Federal Rules of Civil Procedure, on this 12th day of October 2011, to the following listed counsel of record:

Glenn D. Levy                                                   *VIA CM/ECF*
906 W. Basse Road, Suite 100
San Antonio, Texas 78212
Tel. (210) 822-5666
Fax. (210) 822-5650

*ATTORNEY FOR PLAINTIFF*

                                                                /s/ William W. Sommers_____
                                                                William W. Sommers