UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 12 2011 3:12
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated <br> Plaintiff, <br> VS. <br> SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID, <br> Defendants. | CIVIL ACTION NO. <br><br> 11-CV-00620-OG |

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed R. Civ. P. 56, SYSTEM CONTROLS AND INSTRUMENTATION, LTD. ("SCI"), GARY STODDARD, LINDA STODDARD, and BOB KID, Defendants in the above-captioned case, file this their Motion for Partial Summary Judgment, and respectfully state as follows:

I. SUMMARY

Defendants move for partial summary judgment on:

(1)  the retaliation claim brought by DAVID ANDRADE Individually in Count I of his First Amended Complaint, Dkt #10 at ¶29-30; and

(2)  the claim for overtime pay brought on behalf of all others allegedly similarly situated in Count II of the First Amended Complaint, Dkt #10 at ¶31-41.

Defendants are entitled to judgment as a matter of law on the retaliation claim because there is no evidence that a complaint was filed with the Department of Labor by DAVID ANDRADE filed or that Defendants knew about any such alleged complaint when he was laid off, each of which is a necessary element of a retaliation claim.

Defendants are entitled to judgment as a matter of law on Count II with respect to all others allegedly similarly situated because Defendants have proven their affirmative defense of payment pled in their Original Answer, Dkt #12 ¶50.

## II. FACTS

1. There is no evidence that DAVID ANDRADE ever filed a complaint with the Department of Labor. *Cf.* Dkt #10 at ¶ 18 & 20.

2. There is no evidence that Defendants ever knew, prior to terminating DAVID ANDRADE, whether he had allegedly filed a complaint with the Department of Labor. Aff. of Gary Stoddard; Aff. of Bob Kid; Aff. of Linda Stoddard at ¶5.

3. Plaintiff filed this case on August 9, 2011. Dkt #1.

4. Setting DAVID ANDRADE's individual claims to one side, and without making any admission with respect to them, Defendants have conducted an audit covering all other employees employed between August 1, 2009 and August 31, 2011, including review of all wages and overtime. Aff. of Linda Stoddard at ¶6-8 & Attachments A-F. Defendants have paid wages and overtime in full to all other employees as required by the Fair Labor Standards Act ("FLSA"). *Id.* at ¶8-14 & Atch A-F.

## III. SUMMARY JUDGMENT EVIDENCE

The following summary judgment evidence is attached and incorporated herein by reference:

1. Affidavit of Gary Stoddard

2. Affidavit of Bob Kid

3. Affidavit of Linda Stoddard and Attachments A-F.

**Attachment A** – Ridout, Barrett & Co., P.C., Payroll Audit Methodology Letter

**Attachment B** – Audited Payroll Summaries (Corrections)

**Attachment C** – Letters and Checks and Results of Audit Sent to Employees (Corrections)

**Attachment D** – Audited Payroll Summaries (No Corrections Needed)

**Attachment E** – Letters and Results of Audit Sent to Employees (No Corrections Needed)

**Attachment F** – Cancelled Checks Received by SCI to Date

This motion and the summary judgment evidence have been filed traditionally because the attachments exceed 200 pages. Admin. Policies & Procedures for E-Filing Rule 5(c)(1).

## IV. STANDARD OF REVIEW

"Effective December 1, 2010, Federal Rule of Civil Procedure 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended Rule 56 contains no substantive change to the summary judgment standard. Therefore, we cite to the amended rule." *United States v. Caremark, Inc.*, 634 F.3d 808, 814 n.5 (5th Cir. 2011).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law will identify which facts are material. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir.1992).

With respect to the retaliation claim, the Plaintiff, not the Defendant, bears the burden of proof at trial. *E.g., Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628, 638 (S.D.Tex. 2006). A party seeking summary judgment who does not bear the burden of proof at trial need only point to the absence of a genuine issue of material fact. *Duckett*, 950 F.2d at 276; *Fontenot v. Upjohn Co.*, 780 F. 2d 1190, 1194-95 (5th Cir. 1986). Once the movant meets the initial burden, the non-movant must establish that summary judgment is improper. *Id.*

The Defendants bear the burden of proof on their affirmative defense of payment to the overtime claim in Count II. *Fontenot*, 780 F.2d at 1194.

## V. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT

A.   *Plaintiff Cannot Establish a Genuine Issue of Material Fact With Respect to the Existence of One or More Elements of His FLSA Retaliation Claim.*

It is a violation of the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). Retaliation claims under the FLSA are subject to the *McDonnell Douglas* analytical framework. *See Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 577 (5th Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Thus, in order to prove a retaliation claim under the FLSA, the Plaintiff here must establish: "(1) that [he] engaged in a protected activity; (2) [he] was subjected to an adverse employment action following [his] protected activity; and (3) there was a causal connection between the activity and the adverse action." *E.g., Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628, 638 (S.D.Tex. 2006).

Plaintiff's First Amended Complaint clarifies that Count I, the retaliation claim is brought on behalf of DAVID ANDRADE only. Dkt #10 at ¶¶ 1, 29-30.

As to the first element, the protected activity, there is no evidence that DAVID ANDRADE ever filed a complaint with the Department of Labor. *Cf.* Dkt #10 at ¶ 18 & 20.

As to the third element, there is no evidence that Defendants ever knew, prior to laying off DAVID ANDRADE, whether he had allegedly filed a complaint with the Department of Labor. Aff. of Linda Stoddard at ¶5; Aff. of Gary Stoddard; Aff. of Bob Kid.

The plaintiff has affirmatively pled each of these elements in his first amended complaint. Therefore, no continuance or discovery is necessary for plaintiff to come forward at this time with his evidence that raises at least a genuine issue of material fact as to the existence of each of these elements. *Fontenot*, 780 F.2d at 1196 ("If such an inquiry has properly been made [under

Rule 11], some evidentiary material should be available to support each essential element of the claim."). There is no such evidence. Defendants are entitled to summary judgment on this claim.

B.  *Defendants Have Established Their Affirmative Defense of Payment to All Others Allegedly Similarly Situated.*

   1. Procedural Posture: Summary Judgment is Not Premature

"A named plaintiff has no right to represent [allegedly] similarly-situated employees until the employees opt in, because the action does not become a collective action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." *Sandoz v. Cingular Wireless, LLC*, 553 F. 3d 913, 917 (5th Cir. 2008). Plaintiff has not filed a motion to certify or conditionally certify a collective action and no other allegedly similarly situated employee has sought to opt-in.

Defendants deny that any of their other employees are similarly situated to the Plaintiff. However, because the evidence attached to this motion shows that Defendants have tendered full payment to *all* of their other current and former employees, the Court may assume without deciding at this stage that all of Defendants' employees are similarly situated to Plaintiff.

The factual record the Court must confront, then, is that there even if there were employees similarly situated to Plaintiff, which is denied, there is already, in the evidentiary record in this case, no genuine issue of material fact that they received full payment for all wages owed, including overtime, and therefore would not be able to opt-in. *See* Aff. of Linda Stoddard at ¶6-15 and Attachments A-F. Since Plaintiff has nonetheless pled a claim on their behalf in Count II of his First Amended Complaint, summary judgment as to them is proper at this time.

   2. Payment Has Been Made to Past and Present SCI Employees

SCI President Linda Stoddard initiated an audit of all employee time records and payroll records for the period of August 1, 2009 to August 31, 2011 ("Audit Period") to determine if any

errors had occurred in calculation and proper payment of overtime for any employee during this period. Aff. of Linda Stoddard ¶6. The audit included both current and former employees. *Id.*

To ensure accuracy of the audit, SCI hired the accounting firm of Ridout, Barrett & Co., P.C. to conduct the audit. *Id.* at ¶7. The accountants inspected the employee payroll details for the Audit Period, traced time worked to employee time sheets, hours paid and noted hours paid, and recalculated to determine if there were any underpayments. *Id.*

A total of $12,040.49 in necessary payments to 47 past and present employees employed at SCI from August 1, 2009 through August 31, 2009 was identified. *Id.* at ¶ 10; *see also* Aff. of Linda Stoddard Attachment A at 4 (summary list). With only three exceptions, the amount in error did not exceed $500 for any employee. The necessary amounts were paid out as further described in the Affidavit of Linda Stoddard at ¶10-14 & Attachments B-F.

3. The Applicable Payment Period is Two Years

The limitations period under the FLSA is two years, unless the violation is willful. 29 U.S.C. § 255(a). An FLSA violation is only willful if the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F. 3d 546, 552 (5th Cir. 2009).

Defendants deny DAVID ANDRADE's allegations in the complaint with respect to willfulness or even the existence of an opportunity to disregard the FLSA after it was brought to their attention. *Compare* Dkt #10 at ¶¶ 17, 35 & 39 with Defendants' Original Answer at ¶¶ 17, 35 & 39. However, even if those allegations by DAVID ANDRADE are taken as true for purposes of summary judgment, they are not sufficient to establish a genuine issue of material

fact that the statute of limitations for Count II is three years for the allegedly similarly situated employees, for at least four reasons.

First, 29 U.S.C. § 255(a) is limitations provision, not a damages provision. The statute allows for an extra year of time from the accrual date to bring a claim for a specific type of violation—"a willful violation." 29 U.S.C. § 255(a). In other words, the accrual of an alleged "willful violation" must be assessed in its own right, and then, if it exists and if it falls within the statutory period, it is adjudicated as an independent violation from the accrual date up through the present.

Second, and relatedly, the statute does not allow factual findings regarding payments or willfulness to increase or decrease the damages. If an alleged violation within the normal two year limitations period becomes willful at some point within the two years, that does not transform all prior alleged violations into willful violations. A willful violation cannot accrue until the date the defendant "knew or showed reckless disregard." 29 U.S.C. § 255(a).

Third, there is no evidence that the alleged conversation between DAVID ANDRADE and Bob Kid at Dkt #10 ¶ 17 occurred in the third, most distant year of the limitations period. In order for a willful violation to have arisen more than two but less than three years ago, and thus merit extending the FLSA statute of limitations an extra year to encompass it, Defendants would have had to have acted with reckless disregard sometime in year three (which they did not), such that any nonpayment of wages owed thereafter in year three and up until the filing of this case would be willful (Defendants deny any such violations).

Fourth, the allegation of the conversation at Dkt #10 ¶ 17 is personal to Mr. Andrade. The First Amended Complaint does not allege that any allegedly similarly situated employees ever had such a conversation.

Because Defendants have paid all wages owed to any allegedly similarly situated employees as defined and stated herein, from August 1, 2009 through August 31, 2011, and because there is no evidence of any willful violation prior to August 1, 2009 with respect to DAVID ANDRADE or any allegedly similarly situated employees, the applicable payment period is two years and there is no fact issue as to limitations.

## VI. CONCLUSION AND REQUEST FOR RELIEF

Defendants are entitled to judgment as a matter of law on the retaliation claim because there is no evidence that DAVID ANDRADE filed a complaint with the Department of Labor or that Defendants knew about it, each of which is a necessary element of that claim. Defendants are entitled to judgment as a matter of law with respect to all others allegedly similarly situated because Defendants have proven their affirmative defense of payment.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court GRANT this motion for partial summary judgment and ORDER that Plaintiff shall TAKE NOTHING as to the retaliation claim Count I of his First Amended Complaint, and TAKE NOTHING as to Count II of his First Amended Complaint with respect to all others allegedly similarly situated.

Dated October 12, 2011.                    Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
(210) 733-8191 – Telephone
(210) 738-5538 – Facsimile
wws@tglf.com, ehc@tglf.com - Email

By: _____
William W. Sommers
State Bar No. 18842600
Elizabeth H. Connally
State Bar No. 24073635

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing and all attachments and exhibits was served in accordance with the Federal Rules of Civil Procedure, on this 12th day of October 2011, to the following listed counsel of record:

Glenn D. Levy  
906 W. Basse Road, Suite 100  
San Antonio, Texas 78212  
Tel. (210) 822-5666  
Fax. (210)822-5650  

*VIA CERTIFIED MAIL*  
*RRR# 7003 2260 0000 1318 8582*

**ATTORNEY FOR PLAINTIFF**

William W. Sommers

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated<br>　　　Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO. |
| VS. | §<br>§ | 11-CV-00620-OG |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§ | |

### AFFIDAVIT OF GARY STODDARD

STATE OF TEXAS　　　§
　　　　　　　　　　　§
COUNTY OF BEXAR　　§

　　　BEFORE ME, the undersigned authority, on this day personally appeared GARY STODDARD, the undersigned affiant, who swore on his/her oath that the following facts are true:

　　　"My name is GARY STODDARD, I am a resident of Seguin, Guadalupe County, Texas. I am over the age of eighteen (18) years of age, of sound mind, capable of making this affidavit and fully competent to testify to the matters stated herein. I have personal knowledge of the facts stated herein, and they are all true and correct.

　　　"The purpose of this affidavit is to state certain facts within my personal knowledge in support of Defendants' motion for summary judgment.

　　　"I do not know and have never known whether a complaint was ever filed at the Department of Labor by David Andrade."

　　　Further Affiant sayeth not.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　GARY STODDARD

　　　SUBSCRIBED AND SWORN to me on the 11th day of October, 2011, to certify which witness my hand and official seal.

Suzette Long
My Commission Expires
11/25/2012

_____
NOTARY PUBLIC, STATE OF TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated<br>Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | 11-CV-00620-OG |

**AFFIDAVIT OF BOB KIDD**

STATE OF TEXAS      §
                    §
COUNTY OF Bexar     §

BEFORE ME, the undersigned authority, on this day personally appeared BOB KID, the undersigned affiant, who swore on his/her oath that the following facts are true:

"My name is BOB KID, I am a resident of San Marcos, Hays County, Texas. I am over the age of eighteen (18) years of age, of sound mind, capable of making this affidavit and fully competent to testify to the matters stated herein. I have personal knowledge of the facts stated herein, and they are all true and correct.

"The purpose of this affidavit is to state certain facts within my personal knowledge in support of Defendants' motion for summary judgment.

"I do not know and have never known whether a complaint was ever filed at the Department of Labor by David Andrade."

Further Affiant sayeth not.

_____
BOB KIDD

SUBSCRIBED AND SWORN to me on the 10th day of October, 20 11, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

Suzette Long
My Commission Expires
11/25/2012

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated<br>    Plaintiff,<br><br>VS.<br><br>SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.**<br><br>11-CV-00620-OG |

**AFFIDAVIT OF LINDA STODDARD**

STATE OF TEXAS         §
                       §
COUNTY OF BEXAR        §

BEFORE ME, the undersigned authority, on this day personally appeared LINDA STODDARD, the undersigned affiant, who swore on his/her oath that the following facts are true:

"1.    My name is LINDA STODDARD, I am a resident of Seguin, Guadalupe County, Texas. I am over the age of eighteen (18) years of age, of sound mind, capable of making this affidavit and fully competent to testify to the matters stated herein. I have personal knowledge of the facts stated herein, and they are all true and correct.

"2.    The purpose of this affidavit is to state certain facts within my personal knowledge and to authenticate certain business records attached to this affidavit in support of Defendants' motion for summary judgment.

"3.    I am the President and 51 percent owner and corporate representative of SYSTEM CONTROLS AND INSTRUMENTATION, LTD ("SCI"), Defendant in the above-captioned case. I have been the President of SCI since 2002. Prior to joining SCI I had more than 20 years of experience with Gerard Electric, Inc. as its accountant/office manager.

"4.    As President I am responsible for supervision of the accounting, recordkeeping and human resource departments. I am also the custodian of records for all accounting and payroll documentation for SCI.

"5.     I do not know and have never known whether a complaint was ever filed at the Department of Labor by David Andrade."

"6.     Further, I initiated an audit of all employee time records and payroll records for the period of August 1, 2009 to August 31, 2011 ("Audit Period") to determine if any errors had occurred in calculation and proper payment of overtime for any employee during this period. The audit included both current and former employees.

"7.     To ensure accuracy of the audit, I hired the accounting firm of Ridout, Barrett & Co., P.C. to conduct the audit. The accountants inspected the employee payroll details for the Audit Period, traced time worked to employee time sheets , hours paid and noted hours paid, and recalculated to determine if there were any underpayments.

"8.     Attached to this affidavit as **Attachments A-F** are 869 pages of records from SCI, consisting of the documents described in ¶9-14 below:

"9.     **Attachment A** to this affidavit is a letter from the firm conducting the audit, Ridout, Barrett & Co., P.C., received by SCI, further discussing the payroll audit methodology.

"10.    **Attachment B** to this affidavit contains the audited payroll summaries from August 1, 2009 through August 31, 2009 for SCI employees where at least one correction to errors in employee payroll records was made. A total of $12,040.49 in necessary payments to 47 past and present employees employed at SCI from August 1, 2009 through August 31, 2009 was identified. *See* **Attachment A** at 4 for summary list. With only three exceptions, the amount in error did not exceed $500 for any employee. The necessary amounts were paid out to all 47 employees identified in the audit except DAVID ANDRADE. Further, it is my understanding that an offer of judgment has been made by Defendants in the above-captioned case to DAVID ANDRADE under Rule 68 of the Federal Rules of Civil Procedure.

"11.    **Attachment C** to this affidavit contains the letters, checks, and results of audit to SCI employees tendering payment for any errors identified and corrected in the audit in conformity with the wage and overtime requirements of the Fair Labor Standards Act.

"12.    **Attachment D** to this affidavit contains audited payroll summaries from August 1, 2009 through August 31, 2009 for the balance of SCI employees where no errors in employee payroll records were made.

"13.    **Attachment E** to this affidavit contains the letter and results of audit sent to the balance of SCI employees informing them that an audit was conducted but that no error was found in their payroll record.

"14.    **Attachment F** to this affidavit contains proof to date of the canceled checks issued by SCI as a result of the audit.

"15.    The records and summaries described above are kept by SCI in the regular course of business, and it was the regular course of business of the SCI for an employee or representative of SCI, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or summary or to transmit the information to be included in this record or summary. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. To the extent summaries were made contemporaneously in the regular course of business and are provided here, the underlying source records are available for inspection upon reasonable request. The records and summaries attached to this affidavit are the original or true and correct exact duplicates of the original."

Further Affiant sayeth not.

_____
LINDA STODDARD

SUBSCRIBED AND SWORN to me on the 1th day of October, 20__, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

Suzette Long
My Commission Expires
11/25/2012

# ATTACHMENTS A-F TO AFFIDAVIT OF LINDA STODDARD

# IN 3 VOLS

# > 200 PAGES

# NOT SCANNED