IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated, §§§§ | |
| Plaintiff, §§ | |
| v. §§ | No. SA-11-CA-620 |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID, §§§§§§ | |
| Defendants. § | |

## ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

Plaintiff David Andrade filed this civil action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* In his First Amended Complaint (Doc. No. 10), he seeks damages for retaliatory discharge in violation of 29 U.S.C. § 215(a)(3). He is also seeking unpaid wages and liquidated damages under 29 U.S.C. § 216(b).[1] Defendants have filed a motion to dismiss Plaintiff's first amended complaint in part pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Having considered the motion, the Court finds that it should be granted in part and denied in part.

The amended complaint alleges the following facts: Plaintiff David Andrade was employed as an Electrician by System Controls & Instrumentation, Ltd. (SCI), a limited partnership owned by

---

[1] Plaintiff's amended complaint also alleges unjust enrichment, which the Court views as an attempt to bring a pendent claim under Texas common law.

Defendants Gary Stoddard, Linda Stoddard, and Bob Kid. At times during his tenure at SCI, Plaintiff worked Monday through Saturday (and, on occasion, Sunday) from 5:00 AM until 9:30 PM, with a 30 minute break. Plaintiff was paid by direct deposit and did not regularly receive a pay stub. When he did receive a pay stub, he noticed that he was not being paid overtime wages as required by the FLSA. He complained to Defendant Kid about the discrepancy, and requested retroactive payment of his overtime wages. He also complained that one of his supervisors required him to work without breaks and to work off-the-clock on his days off. When Defendants did not respond, he filed a complaint with the Department of Labor. Defendants, upon discovering that Plaintiff had complained to the Department of Labor, terminated Plaintiff's employment on October 27, 2010. Plaintiff also alleges that Defendants routinely failed to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time, and to account for all compensation earned by employees when calculating wages.

Individually, Plaintiff asserts causes of action under the FLSA for (1) retaliation; and (2) failure to pay overtime compensation. On behalf of himself and other similarly situated employees, Plaintiff asserts (1) FLSA claims for failure to record and compensate all working time and failure to pay overtime rates; and (2) the claim for unjust enrichment/quantum meruit previously mentioned. Defendants argue that (1) Plaintiff's claims regarding

-2-

pre-shift and end-shift time must be dismissed because he has failed to allege facts supporting such a claim; and (2) Plaintiff's unjust enrichment/quantum meriut claims must be dismissed because they are preempted.

Because Plaintiff failed to address his unjust enrichment claims in his response, the Court concludes that he has abandoned those claims and will dismiss them. The inquiry, then, will focus entirely on whether his claim that Defendants failed to compensate employees for pre- and post-shift time comports with the pleading requirements of Rule 8(a)(2), Federal Rules of Civil Procedure.

To survive a motion to dismiss, a claim must contain factual assertions which, if accepted as true, state a claim to relief that is plausible on its face. **Atlantic Corp. v. Twombly**, 550 U.S. 544, 557 (2007). The Court should not accept as true naked conclusions that are not accompanied by factual support. **Id.** Defendants argue that Plaintiff's claim of failure to record and compensate pre- and post-shift time should be dismissed because he has not pleaded sufficient facts to support it. According to Defendants, a claim for pre- and post-shift time requires the Plaintiff to plead that Defendants failed to compensate specific preliminary or postliminary activities that were an integral and indispensable part of Plaintiff's job. *See,* **IBP, INC. v. Alvarez**, 546 U.S. 21, 30 (2005). Because Plaintiff has pleaded no facts relating to preliminary or postliminary activities, he has not stated a claim

-3-

for pre- and post-shift time. In response, Plaintiff argues that factual allegations in the complaint make it obvious that Plaintiff is alleging that Defendants did not compensate "work performed outside of regularly scheduled shifts," and that working off the clock on days off "would necessarily include pre- and post-shift time" (Pl. Resp., Doc. 20 ¶ 2). In support of this position, Plaintiff cites to allegations that Defendants required him to work off the clock on his days off and failed to record all of the hours he had worked.

The Court agrees with Defendants that Plaintiff has failed to adequately allege that Defendants failed to compensate integral and indispensable preliminary and postliminary activities. This failure does not merit dismissal, however, because review of both the complaint and the response reveals that Plaintiff was not attempting to make such allegations. Plaintiff's response clarifies that his claim for uncompensated "pre- and post-shift time" is simply an inartful way of alleging that he was not compensated for all of his hours worked. These uncompensated hours were comprised of (1) work performed off the clock on days off; and (2) work performed on regular work days for which Defendants recorded and compensated fewer hours than were actually worked. It is clear to the Court that Plaintiff's use of the phrase "pre- and post-shift time" is simply a case of imprecise language. There being nothing to dismiss, the Court must deny Defendants' motion to dismiss

-4-

Plaintiff's claims of uncompensated pre- and post-shift hours.

It is therefore ORDERED that, with regard to Plaintiff's claims of unjust enrichment/quantum meruit, Defendants' motion to dismiss be, and it is hereby, GRANTED.

It is further ORDERED that Plaintiff's claims of unjust enrichment/quantum meruit be, and they are hereby, DISMISSED.

It is further ORDERED that, in all other respects, Defendants' motion to dismiss be, and it is hereby, DENIED WITHOUT PREJUDICE.

SIGNED AND ENTERED THIS 29th day of December, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

-5-