IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SYSTEM CONTROLS AND INSTRUMENTALITIES, LDT., GARY STODDARD, LINDA STODDARD, and BOB KID, <br><br> Defendants. | § § § § § § § § § § § § § § § | No. SA-11-CA-620 |

### ORDER REGARDING PLAINTIFF'S MOTION FOR CONTINUANCE

This is a civil action under the Fair Labor Standards Act, alleging unpaid wages (29 U.S.C. § 216(b)) and retaliatory discharge (29 U.S.C. § 215(a)(3). Defendants have filed a motion for summary judgment. In response, Plaintiff has filed a rule 56(d) motion, asserting that the summary judgment motion is premature and requesting that the Court either defer consideration of the motion until discovery has been completed or deny the motion without prejudice. Having considered Plaintiff's motion, the Court finds that it should be granted in part and denied in part.

The Plaintiff's claims are summarized in the Order Regarding Defendants' Motion to Dismiss. Remaining in this case are individual causes of action under the FLSA for retaliation and failure to pay overtime compensation, as well as FLSA claims for failure to record and compensate all working time and failure to

-1-

pay overtime rates on behalf of other similarly situated employees. Defendants argue that they are entitled to summary judgment on (1) Plaintiff's retaliation claim, because he can produce no evidence that he complained to the Department of Labor or that Defendants' knew of his complaint; and (2) his claim for overtime pay on behalf of other similarly situated employees, because Defendants have produced evidence conclusively showing that they have paid all overtime pay owed to all employees. In response, Plaintiff claims that the facts necessary to oppose Defendants' motion are unavailable to him and requests that the Court order a continuance to give him the opportunity to conduct discovery.

Motions for a continuance or dismissal under Rule 56(d) are generally favored and should be liberally granted. **Stearns Airport Equip. Co. v. FMC Corp.**, 170 F.3d 518, 534 (5th Cir. 1999). To justify a continuance, the movant must demonstrate (1) why additional discovery is needed; and (2) how the additional discovery will likely create a genuine issue of material fact. **Id.** at 534-35. In this regard, the movant must demonstrate how additional discovery will allow him to defeat summary judgment. **Id.**

With regard to the claim for overtime pay on behalf of Andrade and similarly situated employees, a continuance is warranted. In support of their motion for summary judgment, Defendants present evidence that SCI hired the accounting firm of Ridout, Barrett & Co. to conduct an audit of all employee time and payment records

for August 1, 2009 through August 31, 2011. The audit uncovered a total of $12,040.49 in underpayments during that time period and SCI sent payments to employees who had been underpaid. Defendants have attached the results of the audit as well as the records of payment as exhibits. Plaintiff argues that he cannot adequately oppose the summary judgment motion until he has had the opportunity to obtain and inspect Defendants' payroll records, obtain personal work records of employees, and compare personal records to the SCI audit. Because the requested discovery could reveal pay discrepancies as well as inaccuracies in Defendants' audit, Plaintiff has adequately explained how the anticipated evidence may create a genuine issue of material fact. The Court, therefore, will defer consideration of the motion for summary judgment until adequate discovery has been conducted.

With respect to Plaintiff's retaliation claim, a continuance is not warranted. Plaintiff has made no effort to demonstrate to the Court that the evidence necessary to answer Defendants' summary judgment motion is unavailable to him, or what "discovery" would be necessary to obtain that evidence. His motion for a continuance fails to even acknowledge that his retaliation claim exists. It strains credulity to believe that discovery should be necessary for Plaintiff to produce evidence that he filed a complaint with the Department of Labor. If such evidence exists, it should be readily available to Plaintiff. If Plaintiff does not produce those records

by January 11, 2012, the Court will deem the motion unopposed and grant summary judgment on Plaintiff's retaliation claim.

It is therefore ORDERED that Plaintiff's motion for a continuance be, and it is hereby, GRANTED with respect to the claims of overtime pay on behalf of himself and others similarly situated. The Court will issue a scheduling order setting deadlines for discovery and dispositive motions.

It is further ORDERED that Plaintiff's motion for a continuance be, and it is hereby, DENIED with respect to Defendants' motion for summary judgment on Plaintiff's retaliation claim. The deadline for Plaintiff's response is now January 11, 2012.

SIGNED AND ENTERED THIS 29th day of December, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE