IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>SYSTEM CONTROLS & INSTRUMENTATION, LTD, GARY STODDARD, LINDA STODDARD, and BOB KID, Individually and in their Official Capacity,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 11-CV-620-OG |

**PLAINTIFF DAVID ANDRADE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING CLAIMS OF RETALIATION FOR ENGAGING IN ACTIVITY PROTECTED UNDER THE FAIR LABOR STANDARDS ACT**

TO THE HONORABLE HARRY LEE HUDSPETH:

NOW COMES DAVID ANDRADE (hereinafter referred to as "Andrade") and, pursuant to this Court's Order dated December 29, 2011 [Docket No. 29], files this Response to Defendants' Motion for Summary Judgment Regarding Claims of Retaliation for Engaging in Protected Activity under the Fair Labor Standards Act. In support hereof, Andrade would respectfully show this Court the following:

1

## I.
## IMMEDIATELY PRIOR TO HIS TERMINATION FROM EMPLOYMENT, ANDRADE BOTH COMPLAINED VERBALLY TO HIS EMPLOYER AND INITIATED A COMPLAINT WITH THE DEPARTMENT OF LABOR REGARDING ANDRADE'S FAILURE TO BE PAID OVERTIME WAGES

As set forth in Plaintiffs' First Amended Complaint, during his employment with Defendants, Andrade began to question the fact that, despite working between 80 and 90 hours per week, Andrade was never paid time and one-half (*i.e.,* overtime) wages for these hours as is required by the Fair Labor Standards Act. *See* Exhibit "A," Declaration of David Andrade, attached hereto and incorporated by reference herein. Specifically, on October 25, 2010, Andrade met with Bob Kidd, who was one of Andrade's employers, and asked Mr. Kidd why he had not been paid overtime wages. *See id.* Mr. Kidd acknowledged that Andrade should have been paid overtime wages, and told Andrade that he would need to contact Defendants' Payroll Department for his overtime wages. *See id.* As instructed, on October 25, 2010, Andrade contacted Chris Stoddard of the Payroll Department to arrange for the payment of overtime wages. *See id.* Mr. Stoddard informed Andrade that Defendants would not be paying him any overtime wages for hours worked. *See id.* As such, Andrade informed Messrs. Kidd and Stoddard that he would be contacting the Department of Labor to address the issue of the overtime wages that he was owed. *See id.*

True to his word, Andrade telephoned the Department of Labor on October 25, 2010 to initiate a wage and hour complaint. *See* Exhibit "A." The San Antonio District Office of the United States Department of Labor acknowledged Andrade's complaint, and assigned Andrade a complaint control number of WCID: 11586428/LFN: 2010-310-00821. *See id.* Several weeks after Andrade's initial visit to the Department of

Labor, he received a written acknowledgment of his complaint, informing Andrade that an investigation would be conducted. *See* Exhibit "B," Acknowledgment Correspondence from Department of Labor to David Andrade, attached hereto and incorporated by reference herein. Furthermore, a Freedom of Information Act (FOIA) request has been made for Andrade's entire complaint file, but the records have not been received as of the filing of this Response.

Only two days after Defendants were informed that Andrade was initiating a complaint to the Wage and Hour Division of the Department of Labor, Defendants terminated Andrade's employment on October 27, 2010. *See* Exhibit "A." Prior to his termination, Andrade had never been written up by Defendants for any performance related problems, nor was Andrade given any explanation by Defendants for his termination. *See* Exhibit "A." Andrade concluded that he was terminated from employment with Defendants because he had voiced complaints about not being paid overtime wages. *See id.*

## II.
## PLAINTIFF'S ACTIONS CONSTITUTE ACTIVITY PROTECTED UNDER THE FAIR LABOR STANDARDS ACT

The framework for analyzing retaliation claims under the Fair Labor Standards Act (FLSA) is similar to that under Title VII. *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). To establish a *prima facie* case under the FLSA, a plaintiff such as Andrade must show that: (1) he participated in protected activity under the FLSA; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. *See id.* at 624.

3

Furthermore, as set forth by the United States Supreme Court in *Kasten v. Saint-Gobain Performance Plastics Corporation*, virtually any activity on the part of an employee that is sufficiently clear for a reasonable employer to understand the nature of a wage and hour complaint, in light of both content and context, constitutes an assertion of protected rights under the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329, 179 L. Ed. 2d 379 (2011) (finding that the FLSA specifically protects both oral and written complaints, whether directed internally to an employer or to the Department of Labor). Indeed, when an internal verbal complaint is made to an employer regarding matters protected by the FLSA, protected activity exists. *See Coberly v. Christus Health*, 2011 U.S. Dist. LEXIS 127609 (November 3, 2011) (denying summary judgment in favor of employer on FLSA retaliation claim).

Finally, where the activity protected by the FLSA occurs within close temporal proximity to the adverse employment action, it is presumed to be strong evidence that a causal connection exists between such protected activity and the adverse action. *See, e.g., Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006); *Blaschke v. City of Helotes*, 2008 U.S. Dist. LEXIS 39572 (W.D. Tex. 2008).

Applying these standards to the present case, the following is clear: (1) Andrade engaged in activity protected under the FLSA; (2) a close temporal proximity (*i.e.*, two days) exists between such protected activity and Andrade's involuntary termination from employment; and (3) Andrade had never been written up for any performance related issues prior to his termination, nor was Andrade ever given a reason for why he was being terminated. Accordingly, Andrade respectfully requests that this Court deny

Defendants' Motion for Summary Judgment as to claims of retaliation prohibited by the FLSA.

## PRAYER

For the reasons set forth above, Andrade respectfully requests that the Court deny Defendants' Motion for Summary Judgment, and for such other and further relief to which this Court finds him justly entitled.

Respectfully submitted,

By: _____/s_____
    GLENN D. LEVY
    State Bar No. 12264925
    906 West Basse Road, Suite 100
    San Antonio, Texas  78212
    Telephone:  (210) 822-5666
    Facsimile:  (210) 822-5650
    **ATTORNEY FOR PLAINTIFF,**
    **DAVID ANDRADE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2012 a true and correct copy of the foregoing was served on the attorney of record listed below via e-mail and via first class mail:

William W. Sommers
GARDNER LAW
745 East Mulberry, Suite 500
San Antonio, Texas 78212
Tel.: (210) 733-9191
Fax: (210) 738-5538
***ATTORNEYS FOR DEFENDANTS***

/s/
GLENN D. LEVY