UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANDRADE, Individually and on behalf of Others Similarly Situated<br>    Plaintiff, | §<br>§<br>§<br>§ | **CIVIL ACTION NO.** |
| VS. | §<br>§ | 11-CV-00620-HLH |
| SYSTEM CONTROLS AND INSTRUMENTATION, LTD., GARY STODDARD, LINDA STODDARD, and BOB KID,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING CLAIM OF RETALIATION**

Pursuant to Local Rule CV-7(e), SYSTEM CONTROLS AND INSTRUMENTATION, LTD. ("SCI"), GARY STODDARD, LINDA STODDARD, and BOB KID, Defendants in the above-captioned case, file this their Reply to Plaintiff's Response (Dkt #33) to Defendants' Motion for Summary Judgment Regarding Claim of Retaliation and state as follows:

1.    It is a violation of the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

2.    In his response, the Plaintiff attempts to create a fact issue regarding whether he was discharged because he "[had] filed any complaint" with the U.S. Department of Labor. He alleges that he that he told Defendant Bob Kidd that he would be filing such a complaint on October 25, 2010 and further alleges that he did file it that same day. Dkt #33-1 at ¶ 3-5. Defendants deny all of the allegations in Plaintiff's declaration, Dkt #33-1.

3.    However, by his own admission, Plaintiff filed an application for unemployment benefits with the Texas Workforce Commission on **October 24, 2010**. **Atch A** (bottom right

- 1 -

hand corner, "Claim Date: 10-24-10") to the "MSJ Reply Affidavit of Linda Stoddard" attached and incorporated herein by reference. The "reason no longer employed" supplied by Plaintiff and stated on the notice of claim is "Permanent Layoff," not firing or retaliation. *Id*.

4. As further evidence, Defendants reported to the Texas Workforce Commission ("TWC") that Plaintiff's last day of work was October 22, 2010, a date consistent with that reported on the notice of Plaintiff's application for unemployment benefits. **Atch B** to the "MSJ Reply Affidavit of Linda Stoddard" attached and incorporated herein by reference.

5. Consequently, the undisputed summary judgment evidence is that the Plaintiff's last day of work was prior to his alleged acts on October 25, 2010 (which are denied), and therefore no FLSA retaliation occurred as a matter of law. Summary judgment should be granted for Defendants on Plaintiff's FLSA retaliation claim.

6. Plaintiff's declaration attached to his response (Dkt #33-1) to Defendants' motion for summary judgment regarding claims of retaliation does not create a fact issue as to his termination date. *Cf*. Dkt #33-1 at ¶ 5. Nor does it require the Court to weigh credibility. The Plaintiff's assertion that October 25, 2010, rather than October 22, 2010 was his last day of work is simply a conclusory assertion that conflicts with his own prior sworn statement.

7. The law is clear that a non-movant's conclusory declaration cannot be used to create fact issues with his prior recorded admissions and sworn statements. *Thurman v. Sears, Roebuck & Co*., 952 F.2d 128, 137 n. 23 (5th Cir.), cert. denied, 506 U.S. 845 (1992); *Albertson v. T.J. Stevenson & Co*., 749 F.2d 223, 228 (5th Cir.1984); *SWS Erectors, Inc. v. Infax, Inc*., 72 F. 3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.").

8.  Defendants request the Court take judicial notice of the fact that the Texas Workforce Commission application form for benefits requires applicants to certify that all information they provide is "true and correct" under penalty of law. TWC Benefits Tutorial at 15 & 21, *available at* http://www.twc.state.tx.us/ui/bnfts/benefits-tutorial.pdf (last visited Jan. 11, 2012). Among the information that must be certified as "true and correct" is the information provided for the "Last Date You Worked" and "Reason No Longer Working." *Id*. at 21.

9.  Plaintiff was required to certify to the TWC that his application for unemployment benefits was "true and correct" and he filed said application on October 24, 2010.[1] To do so, he must have been (and in fact was) unemployed at that time. *Id*.; MSJ Reply Affidavit of Linda Stoddard & **Attachments A-B**. He also said he had been laid off, not fired or retaliated against. **Atch A**.

10. Therefore, Plaintiff's conclusory assertions in his declaration regarding alleged events transpiring on October 25, 2010 are not competent summary judgment evidence and may not impeach the existence of his "true and correct" application for unemployment benefits filed on October 24, 2010. *SWS Erectors, Inc.*, *supra*. The filing of the application for unemployment benefits on October 24, 2010 conclusively shows that Plaintiff was no longer employed by Defendants prior to any of the acts he alleges occurred on October 25, 2010.

11. In addition, Plaintiff's assertion in his declaration that he was not terminated until October 27, 2011, Dkt #33-1 at ¶ 5, was in light of the foregoing evidence a false material declaration made knowingly, and therefore constitutes perjury within the meaning of 28 U.S.C. § 1746 and 28 U.S.C. § 1623. Defendants will leave referral and other appropriate sanctions to the discretion of the Court.

---

[1] The TWC's means of accepting applications are by Internet and phone. 40 TAC § 815.20(2) ("Internet filing is available 24 hours each day"); TWC Benefits Tutorial at 2.

RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court GRANT this motion for partial summary judgment and ORDER that Plaintiff shall TAKE NOTHING as to the retaliation claim Count I of his First Amended Complaint.

Dated January 17, 2012.	Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
(210) 733-8191 – Telephone
(210) 738-5538 – Facsimile
wws@tglf.com, ehc@tglf.com - Email

By:   /s/ William W. Sommers
       William W. Sommers
       State Bar No. 18842600
       Elizabeth H. Connally*
       State Bar No. 24073635

       *- admitted *pro hac vice*

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing and all attachments and exhibits was served in accordance with the Federal Rules of Civil Procedure, on this 17th day of January 2012, to the following listed counsel of record:

Glenn D. Levy	*VIA CM/ECF*
Larry E. Gee
906 W. Basse Road, Suite 100
San Antonio, Texas 78212
Tel. (210) 822-5666
Fax. (210)822-5650

*ATTORNEYS FOR PLAINTIFF*

/s/ William W. Sommers
William W. Sommers