```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
```

DAVID ANDRADE, individually     §
and on behalf of others         §
similarly situated,             §
                                §
        Plaintiff,              §
                                §
v.                              §     No. SA-11-CA-620
                                §
SYSTEM CONTROLS AND             §
INSTRUMENTATION, LTD., GARY     §
STODDARD, LINDA STODDARD, and   §
BOB KID,                        §
                                §
        Defendants.             §

**<u>ORDER REGARDING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

This is a civil action for damages under the Fair Labor Standards Act of 1938 (FLSA) 29 U.S.C. § 201 *et seq.* alleging unpaid overtime wages and retaliatory discharge. Defendants have filed a motion for summary judgment on Plaintiff's retaliation claim, Plaintiff has filed a response, and Defendants have filed a reply. Having reviewed the motion, response, and reply the Court finds that Defendants' motion should be denied.

The summary judgment evidence establishes the following facts: Plaintiff is a former employee of Defendant System Controls & Instrumentation, Ltd. During his tenure at SCI, he frequently worked more than 40 hours per week without being paid overtime rates. On October 25, 2010, he requested retroactive payment of his overtime wages and, when this request was denied, informed his supervisors that he would be filing a complaint with the Department

of Labor. That same day, he filed a complaint with the Department of Labor. On October 27, 2010, his employment was terminated without explanation. Prior to this incident, Plaintiff had never been the subject of disciplinary action.

It is a violation of the FLSA to discharge any employee because he has filed a complaint or instituted a proceeding under the FLSA. 29 U.S.C. § 215(1)(3). Retaliation claims under the FLSA are subject to the *McDonnell Douglas* burden shifting analysis. **Kanida v. Gulf Coast Medical Personnel LP**, 363 F.3d 568, 577 (5th Cir. 2004). Under this framework, a plaintiff must initially establish a *prima facie* case of retaliation. **Id.** Once this is established, the burden shifts to the defendant to articulate a legitimate non-retaliatory reason for the adverse employment action. **Id.** Ultimately, the burden falls on the plaintiff to show that the defendant's proffered reasons are a pretext for retaliation. **Id.** To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in protected activity; (2) he was subjected to an adverse employment action following his protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action. **Southard v. Texas Bd. of Criminal Justice**, 114 F.3d 539, 554 (5th Cir. 1997). A showing of causation requires evidence that the employer knew of the protected activity. *See,* **Swanson v. Gen. Servs. Admin.**, 110 F.3d 1180, 1188 (5th Cir. 1997)(noting that temporal proximity was

not sufficient to establish causation when there was no evidence that the decision maker knew of the protected activity).

It is undisputed that Plaintiff suffered an adverse employment action. Defendants argue that Plaintiff cannot make out a *prima facie* case of retaliation because he can produce no evidence (1) that he engaged in a protected activity; (2) that Defendants knew that he engaged protected activity; and (3) that there was a causal connection between the protected activity and the adverse employment action.

Plaintiff has produced evidence that he engaged in a protected activity — he filed an oral complaint with the Department of Labor alleging that Defendants had failed to pay him overtime compensation. He has also produced evidence that the Defendants knew of his protected activity — he told two of his supervisors that he planned to file a complaint regarding the failure to pay overtime wages. He then argues that the temporal proximity between his complaint and his termination is a sufficient *prima facie* showing of causation. "Close timing between an employee's protected activity and an adverse employment action may provide the 'causal connection' required to make out a *prima facie* case of retaliation." **Swanson,** 110 F.3d at 1188. In the instant case, Plaintiff's employment was terminated only two days after he complained to the Department of Labor. Defendants have not stated a legitimate non-retaliatory reason for the adverse employment

action, instead relying on their argument that Plaintiff cannot make a *prima facie* showing of retaliation. Plaintiff's evidence that his employment was terminated only two days after he filed a complaint with the Department of Labor is sufficient to make a *prima facie* showing of causation. Defendants' motion for partial summary judgment, then, must be denied.

Defendants attempt to avoid this result by arguing that the Court should disregard Plaintiff's summary judgment evidence as to the timing of his discharge. As evidence that his employment was terminated on October 27, 2010, Plaintiff has produced his sworn declaration. Under normal circumstances, in ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to, and draw all justifiable inferences in favor of, the non-movant. **Moore v. Willis Ind. Sch. Dist.**, 233 F.3d 871, 874 (5th Cir. 2000). However, a non-movant cannot manufacture a genuine issue of material fact by submitting an affidavit that contradicts, without explanation, his previous sworn testimony. **Thurman v. Sears, Roebuck & Co.**, 952 F.2d 128, 137 n.23 (5th Cir. 1992). When a non-movant produces such an affidavit, the Court should not give credence to the assertions that contradict his prior testimony. **Id.**

In his declaration, Plaintiff asserts that he filed a complaint with the Department of Labor on October 25, 2010 and that his employment was terminated on October 27, 2010. Defendants have submitted a document entitled "Notice of Application of

Unemployment Benefits," which was sent from the Texas Workforce Commission to Defendants on October 29, 2010. The Notice indicates that Plaintiff filed an application for unemployment benefits on October 24, 2010, a day before he lodged a complaint with the Department of Labor. According to Defendants, applicants for unemployment benefits must certify that all of their representations are true and correct. Because the TWC Notice appears to contradict the Plaintiff's declaration, Defendants argue that his declaration is a sham document and that the Court should not give credence to the statements contained therein.

This argument is unavailing. The Notice is not a declaration of the Plaintiff — it is a third party document indicating that the Plaintiff represented to the Texas Workforce Commission that he was unemployed on October 24, 2010, not October 27. The fact that Plaintiff's declaration appears to conflict with the TWC notice does not show that the Plaintiff is "manufacturing" issues of material fact, it shows that there are issues of material fact. As such, Defendants' motion for summary judgment must be denied.

It is therefore ORDERED that Defendants' motion for summary judgment on Plaintiff's claim of retaliation be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 16th day of May, 2012.

/s/ Harry Lee Hudspeth
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE